IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MIGAIL B. HUNTER, # 422361, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-14-430 |
| STATE COMMISSIONER,<br>STATE PROSECUTOR, | * | |
| Defendants. | * | |

## MEMORANDUM

Migail B. Hunter filed this complaint under 42 U.S.C. § 1983, and generally alleges that he was denied counsel at his state bail hearing by a "state commissioner"[1] on June 13, 2013, in violation of his rights under the Sixth and Fourteenth Amendments. Hunter also names the "State Prosecutor" as a defendant. Additionally, he alleges that he was unlawfully sentenced to a five-year term of incarceration by the Circuit Court for Wicomico County on January 30, 2014, in violation of his rights under the Sixth and Eighth Amendments.[2] Hunter requests injunctive and declaratory relief of unstated nature and damages of $650,000.

Review of this case was made pursuant to 28 U.S.C. §§ 1915, 1915A and applicable case precedent. Mindful that Hunter is a self-represented litigant, the court construes his complaint liberally. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Erickson v. Pardus*, 551

---

[1] The court assumes Hunter intends to name as defendant the district court commissioner who presided at his initial appearance. Commissioners are appointed by the administrative judge of each district court and their duties include setting bond and determining matters of pre-trial release. *See* Md. Code Ann., Cts. & Jud. Pr. § 2-607.

[2] The public docket available from the Maryland Judiciary Search website shows Hunter was found guilty of theft of less than $1000. *See State v. Hunter*, Criminal No. 22K13000550 (Circuit Court for Wicomico County). *See* http://casesearch.courts.state.md.us. There is no record indicating the conviction has been appealed or overturned.

U.S. 89 (2007). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, 390–91 (4th Cir. 1990). Even under this less stringent standard, however, this complaint is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Hunter's claims for damages based on his allegedly wrongful criminal conviction are barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a 42 U.S.C. § 1983 suit for monetary damages is barred if prevailing in the action would necessarily require the plaintiff to prove the unlawfulness of his conviction). Unless a criminal conviction is reversed on appeal, on collateral review, expunged, or otherwise declared invalid, a civil rights action based on the conviction is barred under the holding in *Heck*. *See id*. In this case, a judgment in favor of Hunter would necessarily imply the invalidity of his conviction and sentence; consequently, his wrongful conviction allegations must be dismissed without prejudice absent demonstration the conviction has been reversed or declared invalid.

An action under 42 U.S.C. § 1983 is not an appropriate vehicle for challenging the validity of a criminal judgment. Instead, Hunter, who presently is incarcerated at Eastern Correctional Institution in Maryland, may challenge his state judgment by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he has exhausted available remedies in state court. A forms and instructions packet for filing a federal habeas petition will be sent to Hunter to assist him if he chooses to pursue this course of action at a later time.

In any event, Hunter's conclusory claims against an unidentified district court commissioner and an unidentified state prosecutor fail to state claims against which relief can be granted under § 1983. A judicial officer has absolute immunity from suit in the performance of

his or her duties. *See Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). In Maryland, a district court commissioner is a judicial officer and is absolutely immune from civil liability for judicial acts performed within his or her jurisdiction. *See Strickland v. Carroll County*, 2012 WL 401075 n.54 (D. Md. 2012) (collecting cases); *see also* Md. Rule 4-102(f) (defining "judicial officer" as a judge or district court commissioner). Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31, (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259, (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller–Burnside*, 208 F.3d 467 (4th Cir. 2000). Given the nature of the allegations set forth by Hunter, both defendants appear to be immune from suit.

For the above stated reasons, the complaint will be dismissed without prejudice. A separate order shall issue.

0/24/14
Date

Paul W. Grimm
United States District Judge